THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:04CV00045 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CLARK WANGSGARD, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff United States moves for summary judgment against Defendant Clark Wangsgard for damages allegedly caused by Defendant to real property in which the United States had a redemption interest. Plaintiff seeks both compensatory and punitive damages.

On April 12, 2001, at a non-judicial foreclosure sale, Defendant, who is in the business of remodeling and selling houses purchased at foreclosure sales, purchased real property located at 185 North 1000 West, West Bountiful, Utah for $66,000.00 . The Internal Revenue Service ("IRS") had an interest in the property due to Notice of Federal Tax Lien in the amount of $405,417.49. Defendant knew when he purchased the property that the IRS had a Notice of Federal Tax Lien on file with the Davis County Recorder.

Defendant was notified by letter dated May 28, 2001, of the IRS' right of redemption under 26 U.S.C. § 7425(d) and how he could apply for a release of that right to redeem.  On July 3, 2001, Defendant met with revenue officer Lois Long ("Long") with regard to the IRS' right of redemption.  Although Defendant was provided IRS Publication 487 which explains the redemption process, he never made a written request for release of the IRS redemption rights.  In a July 8, 2001 telephone conversation, Defendant informed Long that there had been a fire at the property.  He later admitted that he made up the story to discourage the IRS from redeeming the property.  On August 9, 2001, the IRS redeemed the property by tendering a check to Defendant in the amount of $67,301.91.  The IRS sold the property at auction on November 15, 2001, for $79,000.00.

The United States claims that Defendant committed waste on the property during the time he was in possession.  While Defendant contends that the property was run-down and in disrepair when he purchased it, and that by the time the IRS notified him of its intent to redeem he had invested over $10,000.00 in improvements to the property, and while he disputes some of the allegations of waste, other allegations are undisputed.  Based on the record before the court, the following acts are undisputed.  Defendant removed what he describes as  old and outdated carpet from the

floor of the house. Some of that carpet he nailed to the windows. He painted the windows of the house black with washable paint. Prior to receiving notice of the IRS' intent to redeem, Defendant removed the old front door and installed a new door. After notice he removed the new front door and nailed plywood over the opening. He spray painted "no trespassing" and "keep out" across the plywood on the front of the house. Defendant removed the existing back door from the house and replaced it with plywood. He removed the basement windows from the house and covered the openings with plywood. Defendant removed the heat registers from the house, although he states that they were "in horrible condition, crusty, moldy, full of food." Wangsgard Depo. at p. 25. Defendant had replaced the swamp cooler that was located on the roof of the house and then removed a new swamp cooler that he had installed leaving a hole in the roof of the house and a portion of the house exposed to the elements. He placed tree stumps and debris over the yard and driveway of the property. Defendant's stated intent, at least in part, was to discourage potential buyers of the property and to make the house look dilapidated and unattractive.

## II.   SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the

moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  E.g., *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202.

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

## III DISCUSSION

### A. Liability of Defendant for Waste.

The United States claims that Defendant committed waste on the subject property. The elements essential to a cause of action for waste are undisputed. First, there must by an act constituting waste. Second, the act must be done by one legally in possession. Third, the act must be to the prejudice of the estate or interest therein of another. *See Oquirrh Assoc. v. First Nat. Leasing Co.*, 888 P.2d 659, 664 (Utah App. 1994)(citing *Hansen v. Green River Group*, 748 P.2d 1102, 1106 (Utah App. 1988).

As set forth above it is undisputed that Defendant committed certain acts against the real property which may be characterized as waste, generally defined as "the destruction, misuse, alteration, or neglect of premises." *Id.* It is un-controverted that Defendant was in legal possession of the property. Finally, Defendant admits that at least in part his motivation was to make the property unattractive or dilapidated to potential buyers, to the prejudice of the IRS' interest in the property. The court concludes, therefore, that Plaintiff has established an action for waste against Defendant.

5

**B.   Damages**

The United States claims that the market value of the property before the waste was $140,000.00, and the market value after the waste was $103,500.00. The IRS sold the property for $79,000.00 at auction. The United States requests compensatory damages in the amount of $61,000.00 ($140,000.00 - $79,000.00), along with punitive damages of $183,000.00.

Defendant urges that to the extent that his removal of improvements constitutes waste, the proper measure of damages is simply the cost to restore the property, but that in any event the issue of damages is not appropriate for summary judgment. Defendant also urges that Plaintiff's damage claim based on an appraisal conducted almost four years after the IRS redeemed the property is inherently suspect due to economic variables, and because the appraisal estimates the market value of the property with no damage, when in fact the property was distressed and had been vacant for over a year before Defendant purchased it.

Without belaboring this issue unduly, the court concludes that Plaintiff has failed to establish the absence of material facts relative to the issue of damages. Therefore, Plaintiff is not entitled to summary judgment on this issue.

## IV. CONCLUSION

For the reasons stated, as well as generally set forth in the pleadings of the parties, the United States' Motion for Summary Judgment against Wangsgard is **GRANTED in part**, and **DENIED in part**. The Motion is granted as to Defendant's liability for waste, but denied as to amount of damages incurred as a consequence of the waste.

**IT IS SO ORDERED.**

DATED this _14th_ day of _July_, 2005.

BY THE COURT:

_/s/ David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT